IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP REED, #57959177, | § | |
|     MOVANT, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-1683-B-BK |
| | § | (CRIMINAL NO. 3:18-CR-194-B-2) |
| UNITED STATES OF AMERICA, | § | |
|     RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

On August 2, 2022, Janet Reed, Movant's mother and a non-lawyer, filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 in her capacity as power of attorney for Movant Phillip Reed ("Reed"). Doc. 2 at 14; Doc. 2 at 16-21 (copy of Reed's power of attorney). She states that Reed is "incarcerated with limited access to library and at times mail issue." Doc. 2 at 14.

28 U.S.C. § 2242 provides, in part, that "[an] application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *See also* Rule 2(b)(5) of the Rules Governing Section 2255 Cases in the United States District Courts (requiring the § 2255 motion to "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant"). An executed power of attorney, however, does not authorize an unlicensed attorney to file a habeas corpus petition on

behalf of a petitioner as a "next friend."  W*eber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978). Rather, the unlicensed attorney has the burden to "establish the propriety of his status" so as to "justify the jurisdiction of the court."  *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (summarizing "next friend" standing).  Absent adequate reasons or explanations for granting such status "the court is without jurisdiction to consider the petition."  *Weber*, 570 F.2d 514 (affirming dismissal where litigant did not explain necessity for the "next friend" device).

  Here, Janet Reed apparently filed the § 2255 motion only under the authority granted her by Reed's power of attorney.  She does not provide any reason or explanation of the necessity for resort to the "next friend" device, and none appears on the record in this case.  *See Weber*, 570 F.2d at 514 n.4 ("Inability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity are all illustrations of the proper use of the 'next friend' application.").   Therefore, the Court lacks jurisdiction over the § 2255 motion filed by Janet Reed.  *See id.* at 514 (dismissing "appeal petition" for want of jurisdiction because nonlawyer litigant was not qualified as a "next friend" and not authorized to practice law); *Ables v. Dretke*, No. CIV.A. 4:05CV0372Y, 2005 WL 3148439, at *2 (N.D. Tex. Nov. 15, 2005), *R. & R. adopted*, 2006 WL 229007 (N.D. Tex. Jan. 31, 2006) (dismissing the 28 U.S.C. § 2254 habeas petition for want of jurisdiction due to lack of next-friend standing); *Myran v. Clark*, No. 1:11CV677, 2011 WL 7110227, at *1 (E.D. Tex. Dec. 9, 2011), *R. & R. adopted sub nom. Myran v. Judge Clark of Orange Cnty.*, 2012 WL 254695 (E.D. Tex. Jan. 27, 2012) (same).

  For the foregoing reasons, the § 2255 motion filed by Janet Reed should be **DISMISSED WITHOUT  PREJUDICE** for lack of jurisdiction.

The Clerk of the Court is **directed**, in addition to providing the required notice to Movant, to mail a copy of this recommendation to Janet Reed, 1828 E. Highland, Waxahachie, Texas 75167.

**SO RECOMMENDED** on August 19, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).